UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL RODRIGUEZ-HERNANDEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| ANDREW COOK AND JOHN DOE | § | |
| COMPANY, | § | |
| *Defendants.* | § | |

## DEFENDANT ANDREW COOK'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant ANDREW COOK ("Cook") files this his Notice of Removal. In support of said notice, Cook would respectfully show the Court as follows:

### I. STATE COURT ACTION

1. On or about August 5, 2025, a civil action was commenced in the 434th Judicial District Court of Fort Bend County, Texas, by the filing of an Original Petition bearing the caption *Raul Rodriguez-Hernandez*, *Plaintiff, v. Andrew Cook and John Doe Company, Defendants*, Cause No. 25-DCV-333060 ("State Court Action"). *See* a copy of Plaintiff's Original Petition filed in the State Court Action attached and marked as Exhibit "A."

2. In the State Court Action, Plaintiff asserts causes of action for negligence and gross negligence [Ex. A, ¶ 13-16; 20-23]. Based on the pleadings, Plaintiff has alleged injuries and damages resulting from a motor vehicle incident that occurred on or about November 2, 2023 [Ex. A, ¶ 6-12]. Plaintiff alleges that venue is proper in Fort Bend County, Texas ". . . all or a substantial part of the events or omissions given rise to this lawsuit occurred in Fort Bend County, Texas. [Ex.

1

A, ¶ 5]. Plaintiff is seeking monetary relief "over $250,000.00 but not more than $1,000,000.00." [Ex. A, ¶ 25].

3.    Cook was served with process in the State Court Action on October 28, 2025. *See* a copy of proof of service attached and marked as Exhibit "B." Cook timely filed his Original Answer in the State Court Action on November 17, 2025. *See* a copy of Cook's answer attached and marked as Exhibit "C." Cook now timely files this Notice of Removal.

## II.  BASIS FOR REMOVAL

4.    **Diversity Jurisdiction**. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id*. (citing 28 U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id*. (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### A.  There is Complete Diversity of Citizenship

5.    Plaintiff is an individual resident living in the State of Texas with the intent to remain therein. Therefore, Plaintiff is a citizen of Texas. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

6.    Cook is an individual resident living in the State of California with the intent to remain

therein. Therefore, Cook is a citizen of California. *See Strain v. Harrelson Rubber Co*., 742 F.2d 888, 889 (5th Cir. 1984). To the knowledge of the undersigned, no other defendant has been identified by Plaintiff and no other defendant has been served with citation and petition in this suit as of the date of this notice. Therefore, there is complete diversity between the parties who have appeared and are known in this case. *See* 28 U.S.C. §§ 1441(a), and 1446.

### B.     The Amount in Controversy Exceeds the Jurisdictional Requirements.

7.     Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When removal is premised upon diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Generally, the amount alleged in the state court petition determines the amount in controversy so long as it was pled in good faith. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

8.     "A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: '(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount.'" *Issa* 2021 WL 2457729, at *1 (citing *Manguno*, 276 F.3d at 723). An allegation of the amount in controversy is prima facie proof of the amount in controversy. *See Electronic Data Systems Corporation v. Kinder*, 360 F. Supp. 1044, 1047 (N.D. Tex. 1973), *aff'd*, 497 F.2d 222 (5th Cir. 1974). "Once a defendant meets its burden, removal is proper, provided the plaintiff has not shown to a legal certainty that his claim

is for less than the federal jurisdictional minimum." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)); *see also Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-DAE, 2021 WL 1624272, at *2 (S.D. Tex. Feb. 22, 2021) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (stating "[i]f a plaintiff's demand exceeds the jurisdictional threshold amount, a federal court may not decline jurisdiction unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'").

9. Based on Plaintiff's Original Petition in the State Court Action, Plaintiff is seeking monetary relief "over $250,000 but not more than $1,000,000." [Ex. A, ¶ 25]. This allegation sufficiently demonstrates the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a) and 1446(c)(2). Accordingly, the amount in controversy threshold is satisfied.

10. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, removal of this action is proper. *See Issa v. Allstate County Mut. Ins. Co.,* 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021); *see also* 28 U.S.C. §1332(a).

    **C.    The Removal is Procedurally Correct**

11. Cook was first served with Plaintiff's Original Petition and process on October 28, 2025, [Ex. B]. Cook filed its Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b). Thus, this removal is timely.

12. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division includes the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

13. As required by 28 U.S.C. § 1446(a) and Local Rule 81, the following documents were

previously filed with the Court:

    (a)    Plaintiff's Original Petition [Ex. A]

    (b)    Proof of Service on Cook [Ex. B]

    (c)    Defendant's Original Answer [Ex. C]

    (d)    Index of Documents [Ex. D]

    (e)    State Court Docket Sheet [Ex. E]

    (f)    List of all Counsel of Record [Ex. F]

    (g)    Civil Cover Sheet [Ex. G]

WHEREFORE, PREMISES CONSIDERED, Defendant ANDREW COOK, pursuant to these statutes and in conformance with the requirements of 28 U.S.C. § 1446, removes this action for trial from the 434th Judicial District Court of Fort Bend County, Texas (cause #25-DCV-333060) to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

Date: Nov. 20, 2025.    By:    */s/ Stephanie M. Krueger*

**Stephanie M. Krueger**
**ATTORNEY-IN-CHARGE**
State Bar No. 24078581
skrueger@thompsoncoe.com
**Luis del Villar**
State Bar No. 24118366
ldelVillar@thompsoncoe.com
**Eric Charles Helm**
State Bar No. 24143656
ehelm@thompsoncoe.com

4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713-403-8379
Facsimile: 713-403-8299

**ATTORNEYS FOR DEFENDANT,
ANDREW COOK**

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate was attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following:

Cephus Richard, III
5847 San Felipe Street, Suite 2050
Houston, Texas 77057

                                            */s/ Stephanie M. Krueger*
                                            Stephanie M. Krueger