Case 4:25-cv-05601   Document 1-1   Filed on 11/20/25 in TXSD   Page 1 of 6

8/5/2025 4:14 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Dreamy Jose

CAUSE NO. 25-DCV-333060

| | | |
|---|---|---|
| RAUL RODRIGUEZ - HERNANDEZ, *Plaintiff* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | FORT BEND COUNTY, TEXAS |
| ANDREW COOK AND JOHN DOE COMPANY, *Defendants* | § § § § | Fort Bend County - 434th Judicial District Court _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**COMES NOW**, Raul Rodriguez-Hernandez ("Plaintiff"), and files this Original Petition complaining of Andrew Cook ("Defendant Cook") and John Doe Company ("Defendant John Doe"), and for cause of action respectfully shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited actions process under Rule 169.

### II. PARTIES

2. Plaintiff Raul Rodriguez-Hernandez is an individual who resides in Texas.

3. Defendant Andrew Cook is an individual who resides at ███████████████ ███████████ and may be served with process at that address or any other address where he may be located.

4. Defendant John Doe Company is the employer and/or principal of Defendant Andrew Cook and may be served with process once its true legal name is determined. Plaintiff intends to amend this petition to reflect the proper legal name once it becomes known through discovery.

**EXHIBIT A**

### III. VENUE

5. Venue is proper in Fort Bend County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions given rise to this lawsuit occurred in Fort Bend County, Texas.

### IV. FACTUAL BACKGROUND

6. On or about November 2, 2023, Plaintiff and Defendant Cook were both traveling northbound in the right lane of State Highway 99 in Fort Bend County, Texas.

7. Due to ongoing construction, traffic in the left lane was required to merge into the right lane.

8. Plaintiff appropriately slowed for traffic ahead.

9. Defendant Cook, however, failed to control his speed, was distracted by cell phone use, and did not reduce speed appropriately, ultimately colliding into the rear of Plaintiff's vehicle.

10. The impact caused Plaintiff to sustain serious injuries. Plaintiff complained of neck, shoulder, and head pain at the scene.

11. The investigating officer determined that Defendant Cook's failure to control speed was a contributing factor and issued Defendant Cook a citation for the offense.

12. Defendant Cook was operating a vehicle owned or controlled by John Doe Company and was acting within the course and scope of his employment at the time of the collision.

### V. CAUSES OF ACTION

#### A. NEGLIGENCE – DEFENDANT ANDREW COOK

13. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

14. Defendant Cook had a duty to exercise ordinary care and operate his vehicle safely.

15. Defendant Cook breached that duty through various negligent acts and omissions, including but not limited to:

   a. Failure to control speed;

   b. Following too closely;

   c. Failure to keep a proper lookout;

   d. Failure to maintain a safe distance;

   e. Distracted driving, including cell phone use;

   f. Driving inattentively;

   g. Failure to timely apply brakes.

16. Each of these acts and omissions, singularly or in combination, proximately caused the collision and Plaintiff's injuries.

### B. NEGLIGENCE – JOHN DOE COMPANY (RESPONDEAT SUPERIOR)

17. Defendant John Doe Company is liable for the negligence of its employee, Defendant Cook, under the doctrine of **respondeat superior**, as Defendant Cook was acting within the course and scope of his employment at the time of the incident.

### C. NEGLIGENT ENTRUSTMENT – JOHN DOE COMPANY

18. Defendant John Doe Company was the owner or controller of the vehicle being operated by Defendant Cook and **knew or should have known** that Defendant Cook was an unfit, incompetent, distracted, or otherwise unsafe driver.

19. Defendant John Doe Company negligently entrusted its vehicle to Defendant Cook, which was a proximate cause of the incident.

### D. GROSS NEGLIGENCE – ALL DEFENDANTS

20. The conduct of both Defendants rises to the level of **gross negligence**, entitling Plaintiff to exemplary damages.

3

21. Defendants had actual, subjective awareness of the extreme risk posed by operating the subject vehicle without proper attentiveness, at an unsafe speed, and while using a cell phone in heavy, merging traffic conditions.

22. A reasonable person in the position of Defendants would have recognized the high degree of risk created by such conduct, including the likelihood of serious bodily injury.

23. Despite this knowledge, Defendants proceeded with **conscious indifference** to the rights, safety, and welfare of Plaintiff and the public.

## VI. DAMAGES

24. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff has suffered damages including but not limited to:

    a. Physical pain and suffering in the past and future;

    b. Mental anguish in the past and future;

    c. Medical expenses in the past and future;

    d. Physical impairment;

    e. Loss of earnings and earning capacity.

25. Plaintiff seeks **monetary relief over $250,000 but not more than $1,000,000.**

## VII. EXEMPLARY DAMAGES

26. Plaintiff seeks exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code due to the gross negligence of both Defendants.

27. Defendants' willful, reckless, and consciously indifferent conduct justifies the imposition of punitive damages to deter similar behavior in the future.

## VIII. NOTICE PURSUANT TO RULE 193.7

28. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of the intent to use documents produced by Defendants during discovery at any pretrial proceeding or at trial.

## IX. AMENDMENT REGARDING JOHN DOE COMPANY

29. Plaintiff has named "John Doe Company" as a placeholder for the true employer or principal of Defendant Cook. Plaintiff intends to conduct discovery to determine the correct legal entity name and will amend the pleadings accordingly to identify the proper defendant.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial, Plaintiff recovers:

a. Actual damages within the jurisdictional limits of this Court;

b. Exemplary and punitive damages;

c. Pre- and post-judgment interest as allowed by law;

d. Costs of court; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Cephus Richard, III*
**CEPHUS RICHARD, III**
State Bar No. 24095194
5847 San Felipe Street, Suite 2050
Houston, Texas 77057
Telephone: (281) 500-5607
Facsimile: (888) 400-1117
Email: crichardiii@kpattorney.com
**E-Service:** txpleadings1@kpattorney.com

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roxana Ramirez on behalf of Cephus Richard III, Esq.
Bar No. 24095194
rramirez@kpattorney.com
Envelope ID: 104007941
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 8/5/2025 4:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Cephus Richard, III | | crichardIII@kpattorney.com | 8/5/2025 4:14:42 PM | SENT |
| Roxana Ramirez | | rramirez@kpattorney.com | 8/5/2025 4:14:42 PM | SENT |
| TX Pleadings | | txpleadings1@kpattorney.com | 8/5/2025 4:14:42 PM | SENT |
| Maria Cobena Galindo | | magalindo@kpattorney.com | 8/5/2025 4:14:42 PM | SENT |