**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAUL RODRIGUEZ-HERNANDEZ, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:25−cv−05601 |
| JOHN DOE COMPANY, et al. | § § § | |
| Defendants. | § § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conferred via email on March 11, 2026, through their counsel of record. Attorneys Eric Charles Helm, Luis del Villar Gonzalez and Stephanie Krueger participated on behalf of Defendant Andrew Cook.  Attorney Cephus Richard, III participated on behalf of Plaintiff Raul Rodriguez Hernandez.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   The parties are not aware of any cases related to this matter currently pending in any state or federal court.

3. **<u>Briefly</u> describe what this case is about.**

This case arises from a motor vehicle incident that occurred on or about November 2, 2023, in Fort Bend County, Texas. Plaintiff Raul Rodriguez-Hernandez alleges that he and Defendant Andrew Cook were traveling northbound in the right lane of State Highway 99. Due to construction, traffic in the left lane was required to merge into the right lane. When Plaintiff Rodriguez-Hernandez slowed down, due to traffic ahead, there was a collision between the vehicles driven by Mr. Cook and Mr. Rodriguez-Hernandez.

4. **Specify the allegation of federal jurisdiction.**

This action was removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction. Complete diversity exists between Plaintiff, a citizen of Texas, and Defendant, a citizen of California, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

The parties do not presently disagree on any matters required to be discussed under Rule 26(f). Any disputes arising during discovery will be promptly brought to the Court's attention in accordance with the Local rules.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff has named a "John Doe Company" defendant who has not yet been identified and should be identified in discovery. Plaintiff may seek to amend the pleadings to substitute a properly identified party if discovery so warrants. Defendant does not presently anticipate adding any additional parties.

7. **List anticipated interventions.**

None anticipated at this time.

8. **Describe class–action issues.**

This is not a class action and class certification is not at issue in this case.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial Disclosures pursuant to Federal Rule 26 (a) have been exchanged. (Plaintiff: DKT #4; Defendant Andrew Cook: DKT #8)

10. **Describe the proposed agreed discovery plan, including:**

**A.  Responses to all the matters raised in Rule 26(f).**

The parties have conferred regarding all matters required by Rule 26 (f) and propose the discovery plan set forth herein.

**B.  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on each Defendant on or before **June 10, 2026**, not to exceed twenty-five (25), including all discrete subparts.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff on or before **June 10, 2026**, not to exceed twenty-five (25), including all discrete subparts.

**D. Of Whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the deposition of Defendant and relevant fact witnesses on or before **October 9, 2026**.

**E. Of Whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff, and relevant fact witnesses on or before **October 9, 2026**.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide reports by **September 10, 2026**.

Rebuttal expert designations are due by **October 10, 2026.**

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing Defendant's expert reports, with completion by **December 9, 2026**.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).**

Defendant anticipates deposing Plaintiff's retained experts after receipt of Plaintiff's expert reports, with completion by **December 9, 2026**.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

The parties are in agreement on all aspects of the proposed discovery plan at this time.

12. **Describe the proposed agreed If the parties Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery beyond the Rule 26 (f) conference has been undertaken to date.

13. **State the date the planned discovery can reasonably be completed.**

The parties anticipate that all discovery can reasonably be completed by **December 9, 2026**.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have not discussed the possibility for a prompt settlement or resolution of this case as of the date of the filing of this plan.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have not discussed the possibility for a prompt settlement or resolution of this case as of the date of the filing of this plan but plan to discuss mediation after written discovery has been exchanged.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that reasonably suitable.**

Dispute resolution procedures have been explained to the respective clients.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties agree to trial before a Magistrate Judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiffs have made a timely jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties estimate that presenting all evidence will require approximately [20-25] hours (approximately 3-4 trial days), subject to adjustment based on dispositive motions and rulings on motions.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions at this time.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties do not anticipate any matters requiring special attention of the Court at this time. The parties will promptly notify the Court if any issues arise requiring judicial intervention.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff certifies that they filed their Certificate of Interested Parties on **February 11, 2026**. (DKT #6)

Defendant certifies that they filed their Certificate of Interested Parties on **February 20, 2026**. (DKT #7)

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Plaintiff's Counsel: Cephus Richard, III, (SBN: 24095194, FBN: 3930837) Kanner & Pintaluga, 5847 San Felipe Street, Suite 2050, Houston, Texas 77057 (crichardiii@kpattorney.com)

Defendant's Counsel: Stephanie M. Krueger (SBN: 24078581, FBN: 2665224), skrueger@thompsoncoe.com, Luis del Villar (SBN: 24118366, FBN: 3662306) ldelVillar@thompsoncoe.com, and Eric Charles Helm (SBN: 24143656, FBN: 3927385) ehelm@thompsoncoe.com, Thompson Coe, 4400 Post Oak Parkway, Suite 1000, Houston, Texas 77027, (Telephone: 713-403-8379), (Facsimile: 713-403-8299)

Respectfully submitted,

March 16, 2026      */s/ Eric Charles Helm*
Date      Stephanie Krueger
     Luis del Villar
     Eric Charles Helm
     Counsel for Defendant Andrew Cook

March 16, 2026      */s/ Cephus Richard, III* with permission)
Date      Cephus Richard, III
     Counsel for Plaintiff