**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAUL RODRIGUEZ HERNANDEZ** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 4:25-cv-05601** |
| | § | |
| **ANDREW COOK AND AMERICAN** | § | |
| **SAINT HILL ORGANIZATION** | § | |
| *Defendants* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Raul Rodriguez Hernandez (hereinafter "Plaintiff") files this First Amended Complaint complaining of Defendants Andrew Cook (hereinafter "Defendant Cook"), and Defendant American Saint Hill Organization (hereinafter "Defendant ASHO"), and respectfully shows the Court as follows:

**I. PARTIES**

1. Plaintiff is an individual who resides in Texas and is a citizen of the State of Texas for purposes of diversity jurisdiction.

2. Defendant Cook is an individual who resides at 1413 L. Ron Hubbard Way, Los Angeles, California 90027, and is a citizen of the State of California. He has been properly served with process.

3. Defendant ASHO is a corporation organized and existing under the laws of the State of California, with its principal place of business in California, and is therefore a citizen of the State of California for purposes of diversity jurisdiction. Defendant ASHO regularly conducts business in Texas, including through Tour missions that deploy employees to operate vehicles

throughout the State of Texas. Service of process upon Defendant ASHO may be served with citation by serving its registered agent, Jeanne M. Reynolds, at 3500 West Olive Avenue, Suite 300, Burbank, California 91505.

## II. JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff, a citizen of Texas, and all Defendants, who are citizens of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Fort Bend County, Texas, which lies within the Southern District of Texas, Houston Division.

## III. FACTUAL BACKGROUND

6.      On or about November 2, 2023, Plaintiff was operating his vehicle northbound in the right lane of State Highway 99 in Fort Bend County, Texas.

7.      At the same time and location, Defendant Cook was operating a vehicle directly behind Plaintiff in the same lane. The vehicle operated by Defendant Cook was owned or controlled by Defendant ASHO and was obtained pursuant to a master rental agreement held by Church of Scientology International.

8.      Due to active construction in the area, vehicles in the left lane were required to merge into the right lane, causing traffic to slow.

9.      Plaintiff appropriately reduced his speed in response to slowing traffic ahead.

10.     Defendant Cook, however, failed to maintain a safe following distance, failed to reduce his speed appropriately, and was actively using an employer-provided cell phone in

2

furtherance of employment activities directed by Defendant ASHO at the time of the collision. Defendant Cook did not apply his brakes in time and collided into the rear of Plaintiff's vehicle.

11.    The investigating officer determined that Defendant Cook's failure to control speed was a contributing factor in the collision and issued Defendant Cook a citation for that offense.

12.    The impact caused Plaintiff to sustain serious injuries, including neck, shoulder, and head pain reported at the scene and requiring ongoing medical treatment.

13.    At the time of the collision, Defendant Cook was employed by Defendant ASHO in the position of Bridge Control Security. In that capacity, he was deployed on a Tour mission involving travel through the Texas region for the purpose of outreach and coordination with parishioners. The Tour mission required Defendant Cook to operate a vehicle and to remain accessible by the employer-provided cell phone during employment activities. Defendant ASHO directed, controlled, and funded this Tour mission.

### IV. CAUSES OF ACTION

### A. Negligence — Defendant Andrew Cook

14.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

15.    Defendant Cook had a duty to exercise ordinary care in the operation of his motor vehicle, including the duties to maintain a safe following distance, control his speed, maintain a proper lookout, and refrain from distracted driving.

16.    Defendant Cook breached those duties through the following acts and omissions, each of which, singularly or in combination, proximately caused the collision and Plaintiff's injuries:

  a.    Failure to control speed in active construction-zone merging traffic on State Highway 99;

b.      Following too closely behind Plaintiff's vehicle;

c.      Failure to keep a proper lookout;

d.      Failure to maintain a safe following distance;

e.      Failure to timely apply brakes;

f.      Driving inattentively; and

g.      Distracted driving through the active use of an employer-provided cell phone during employment activities directed by Defendant ASHO, including Tour mission coordination, while operating a motor vehicle in heavy, merging highway traffic.

17.     Defendant Cook's cell phone use warrants particular emphasis. The cell phone was provided by Defendant ASHO as an instrument of employment and was used in furtherance of ASHO-directed business activities at the time of the collision. Defendant Cook's decision to use the device while driving in active construction-zone traffic — where vehicles were actively merging and speeds were fluctuating — constitutes a departure from the standard of ordinary care that a reasonably prudent driver would have observed under the same or similar circumstances.

### B. Negligence Per Se — Defendant Andrew Cook

18.     Defendant Cook was issued a citation by the investigating officer for failure to control speed in connection with the November 2, 2023, collision. This offense constitutes a violation of the Texas Transportation Code, which was enacted for the safety and protection of persons such as Plaintiff. Plaintiff was a member of the class of persons the statute was designed to protect, and the harm suffered by Plaintiff is of the type the statute was designed to prevent. Defendant Cook's violation of this statute constitutes negligence per se and was a proximate cause of Plaintiff's injuries and damages.

**C. Respondeat Superior — Defendant ASHO**

19.    At all times material hereto, Defendant Cook was acting within the course and scope of his employment with Defendant ASHO. Defendant Cook was deployed on an ASHO-directed Tour mission, operating a vehicle authorized and controlled by ASHO, and using an employer-provided cell phone to carry out ASHO business activities at the time of the collision. As a result, Defendant ASHO is vicariously liable for Defendant Cook's negligence under the doctrine of *respondeat superior*.

**D. Negligent Entrustment — Defendant ASHO**

20.    Defendant ASHO controlled the vehicle operated by Defendant Cook at the time of the November 2, 2023, collision and entrusted that vehicle to Defendant Cook for use in connection with the Tour mission.

21.    At the time of entrustment, Defendant ASHO knew or should have known that Defendant Cook was an incompetent, unfit, or reckless driver. Specifically, Defendant ASHO authorized Defendant Cook—an employee whose Tour mission duties required vehicle operation—to drive on public highways without adequate vetting of his fitness to operate a vehicle safely. Defendant ASHO further required or permitted Defendant Cook to use an employer-provided cell phone during driving in furtherance of his employment duties, creating a known and foreseeable distraction risk. Defendant ASHO's entrustment of the vehicle to Defendant Cook under these conditions was negligent and was a proximate cause of the collision and Plaintiff's resulting injuries and damages.

22.    To the extent discovery reveals that Defendant ASHO had knowledge of prior driving incidents involving Defendant Cook prior to November 2, 2023, such knowledge further

5

establishes Defendant ASHO's negligence in entrusting the vehicle to him. Plaintiff reserves the right to supplement these allegations as additional facts become available through discovery.

### E. Negligent Hiring, Retention, and Supervision — Defendant ASHO

23.     Defendant ASHO owed a duty to exercise reasonable care in the hiring, supervision, and retention of employees authorized to operate vehicles in connection with Tour missions.

24.     Defendant ASHO breached this duty in the following respects:

a.      Defendant ASHO hired Defendant Cook and placed him in the position of Bridge Control Security, a role that necessarily required vehicle operation during Tour missions across the Texas region, without adequately screening his driving fitness or history;

b.      Defendant ASHO equipped Defendant Cook with an employer-provided cell phone and required or permitted him to use it during driving in furtherance of employment activities, without implementing reasonable policies to prevent distracted driving;

c.      Defendant ASHO approved Defendant Cook for continued vehicle operation on Tour missions without adequate supervision of his driving conduct; and

d.      To the extent Defendant ASHO had knowledge of prior driving incidents involving Defendant Cook before November 2, 2023, Defendant ASHO negligently retained him in a vehicle-dependent role without taking corrective action.

6

25.     Each of the foregoing acts and omissions, singularly or in combination, constituted negligence in hiring, retention, and supervision and was a proximate cause of the collision and Plaintiff's injuries and damages.

### F. Gross Negligence — All Defendants

26.     The conduct of each Defendant rises to the level of gross negligence under Texas Civil Practice and Remedies Code § 41.001(11), entitling Plaintiff to exemplary damages under § 41.003(a). Plaintiff alleges the following with respect to each Defendant:

### Defendant Andrew Cook:

27.     Defendant Cook's gross negligence is established by both prongs of the applicable standard:

a.      Objective prong: Defendant Cook actively used an employer-provided cell phone while operating a motor vehicle in active construction-zone traffic on State Highway 99, where vehicles were merging and speeds were fluctuating. This conduct, when viewed objectively from his standpoint at the time, involved an extreme degree of risk — the probability that operating a vehicle at highway speed while distracted by a phone, in heavy merging traffic with reduced lane capacity, would result in serious bodily injury to another person was not merely elevated but extreme. The magnitude of potential harm from a rear-end collision at highway speed is severe and well-recognized.

b.      Subjective prong: Defendant Cook had actual, subjective awareness of the risk his conduct created. A driver operating a vehicle at highway speed in construction-zone traffic is aware that following traffic is slowing and that divided attention creates a collision risk. Despite this awareness, Defendant Cook

7

proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others on the roadway.

**Defendant ASHO:**

28.    Defendant ASHO's gross negligence is established as follows:

a.      Objective prong: Defendant ASHO deployed Defendant Cook on a Tour mission requiring vehicle operation across Texas highways and simultaneously required or permitted him to use an employer-provided cell phone to carry out employment activities during that mission. Deploying an employee under conditions that structurally mandate distracted driving — requiring the employee to be reachable by and to use a phone while driving on public highways as part of his job duties — involves an extreme degree of risk when viewed objectively. The risk that such conditions would produce a serious collision causing bodily injury to a member of the public was not merely foreseeable but extreme.

b.      Subjective prong: Defendant ASHO had actual, subjective awareness of the risk inherent in deploying employees on vehicle-dependent missions while requiring concurrent cell phone use for employment activities. Defendant ASHO's decision to proceed with Tour operations under these conditions, without implementing adequate distracted driving safeguards, constitutes conscious indifference to the rights, safety, and welfare of persons such as Plaintiff who share the roadways with Defendant ASHO's employees.

8

## V. DAMAGES

29.     As a direct and proximate result of Defendants' negligence, negligence per se, and gross negligence, Plaintiff has suffered serious injuries and seek damages in excess of $1,000,000, including:

a.     Physical pain and suffering in the past and future;

b.     Mental anguish in the past and future;

c.     Medical expenses in the past and future;

d.     Physical impairment in the past and future;

e.     Physical disfigurement in the past and future;

f.     Loss of earnings and earning capacity in the past and future; and

g.     All other damages allowed by law.

## VI. EXEMPLARY DAMAGES

40.     Plaintiff seeks exemplary damages against all Defendants pursuant to Texas Civil Practice and Remedies Code § 41.003(a). The clear and convincing evidence of each Defendant's gross negligence — including Defendant ASHO's structural deployment of employees under conditions mandating distracted driving on public highways, and Defendant Cook's conscious disregard of the obvious risk his cell phone use created in active merging traffic — supports an award of exemplary damages sufficient to punish such conduct and deter its repetition.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that upon final trial, Plaintiff recovers:

a.     Actual damages in excess of $1,000,000;

b.     Exemplary and punitive damages;

9

    c.      Pre- and post-judgment interest at the highest rate permitted by law;

    d.      Costs of court; and

    e.      Such other and further relief, general or special, at law or in equity, to which

Plaintiff may be justly entitled.

Respectfully submitted,

**KANNER & PINTALUGA**

By: */s/ Cephus Richard, III*
    **CEPHUS RICHARD, III**
    State Bar No. 24095194
    5847 San Felipe Street, Suite 2050
    Houston, Texas 77057
    Telephone: (281) 500-5607
    Facsimile: (888) 400-1117
    Email: crichardiii@kpattorney.com
    **E-Service:** txpleadings1@kpattorney.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of the firm of Kanner & Pintaluga, attorneys for the Plaintiff herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below on this 8th day of July 2026.

***Sent Via E-Service:*** *eservice@dorsettjohnson.com*
Stephanie M. Krueger
Luis Del Villar
Eric Charles Helm
THOMPSON, COE, COUSINS & IRONS, LLP
440 Post Oak Parkway, Suite 1000
Houston, Texas 77027

*/s/ Cephus Richard, III*
**Cephus Richard, III**

10